UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GAVIN B. DAVIS,**[1]

    *Plaintiffs*,

v.                                          Case No. 5:25-CV-0336-JKP-RBF

**CHIEF OFFICER GINA FAUBION, U.S.
PRETRIAL SERVICES; AND OFFICER
KARLA RAMOS, U.S. PRETRIAL
SERVICES,**

    *Defendants.*

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge (ECF No. 8) ("R&R"), filed on August 27, 2025. Pursuant to the screening provisions of 28 U.S.C. § 1915(e), the Magistrate Judge recommends that the Court dismiss the complaint with prejudice as frivolous and for Plaintiff's failure to state a claim upon which relief can be granted.

The Magistrate Judge identifies three claims from the "protracted, difficult-to-follow proposed Complaint": (1) violations of the Administrative Procedures Act ("APA"), (2) abuse of process, and various forms of negligence. R&R at 4. The Magistrate Judge construes the alleged negligence claims as leading to the violation of various Constitutional rights and further notes that it appears that Plaintiff brings direct claims for violations of his constitutional rights. *Id*. The Magistrate Judge identifies requested relief as monetary damages, other damages, and declaratory relief but recognizes the chief focus as obtaining a new pretrial services officer. *Id*.

---

[1] Although the complaint lists H-Fin Capital Partners, LLC as a plaintiff, that entity has not paid any filing fee for this action. And while the Court has granted Plaintiff Gavin Davis permission to proceed in forma pauperis, that permission only applies to him, and it is black letter law that an entity cannot proceed without licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993) (per curiam). The Magistrate Judge considered this case to be only on behalf of the individual plaintiff. Because the individual plaintiff cannot litigate this case pro se and without prepayment of the filing fee as it relates to the entity listed as a plaintiff, the Court likewise treats this case as only pursued by the individual plaintiff.

As for the APA claim, the Magistrate Judge provides authority for finding that Plaintiff cannot plausibly allege such a claim against staff members of the United States Pretrial Services, which operates under the supervision of the judiciary. *Id*. at 5. As for the other claims, the Magistrate Judge states that the complaint is devoid of facts to support required elements and declines to sift through the voluminous, difficult-to follow complaint. *Id*. The Magistrate Judge characterizes this action as an "attempt to collaterally attack or otherwise sidestep events in [Plaintiff's] criminal case." *Id*. Finally, the Magistrate Judge found that it would be futile to permit Plaintiff to file a more definite statement in an attempt to more adequately plead his constitutional claims. *Id*. at 6.

Plaintiff has filed purported objections to the R&R. *See* ECF No. 12. Because he agrees that his original complaint is protracted and difficult to follow, he seeks an opportunity to file an amended complaint. *See id*. ¶ 2. He surmises that he will be able to file an amended complaint that is capable of surviving § 1915 dismissal because he was able to survive dismissal in a different case after being allowed to amend. *Id*. While Plaintiff regrets proceeding under the APA, he contends that his research through artificial intelligence ("AI") indicates that he can sue pretrial services officers under 42 U.S.C. § 1983 or *Bivens* while also recognizing that his research shows that such individuals are often protected by immunity. *Id*. ¶ 3.

As another basis for filing an amended complaint, Plaintiff states that he is not bringing any direct claim for violations of constitutional rights, but the facts and allegations are constructive to his action and central to his claim against the pretrial officers. *Id*. ¶ 4. He further contends that he would be able to meaningful address alleged abuses of process or constitutional claims in an amended complaint. *Id*. ¶ 7. Citing to a dissenting opinion from a dissenting opinion, Plaintiff contends that he may have a Fourth Amendment violation. *Id*. (citing *United States v. Caceres*, 440 U.S. 741, 760 (1979) (Marshall, J., dissenting) (citing *United States v. White*, 401 U.S. 745,

790 (1971) (Harlan, J., dissenting)). Plaintiff also submits that an amended complaint will not seek monetary damages. *Id.* ¶ 5. But he concedes "that collateral matters regarding the terms and conditions of pretrial release are under attack." *Id.* ¶ 6.

With respect to his alleged focus to obtain a new pretrial services officer, he submits that he has filed a petition under 28 U.S.C. § 2241 to address that matter. *Id.* ¶ 8. He disagrees that the current lawsuit is an attempt to collaterally attack or otherwise sidestep events of his criminal case. *Id.* ¶ 9. He also disagrees that an amendment would be futile. *Id.* ¶ 10. He asserts that he should be able to obtain declaratory or other relief for alleged unlawful pretrial detention. *Id.* He asserts that unlawful conditions of release were imposed. *Id.* Relying on liberal construction afforded pro se filings, he contends that he "can easily prove Abuse(s) of Process and Constitutional violations by the Defendants." *Id.* ¶ 12.

Plaintiff views the Magistrate Judge's declination to sift through his original complaint as fair. *Id.* ¶ 13. Thus, given the assertions and contentions of his objections, Plaintiff requests either (a) an opportunity to amend his complaint to provide a more concise and well-pleaded complaint or (b) an opportunity to "borrow and pay" either the $55 administrative fee or the $405 filing fee. *Id.*

Notably, Plaintiff objections are short on actual objections to the R&R. And his requested relief essentially concedes that he needs an amended complaint to survive a § 1915 analysis. The Court will not consider Plaintiff's proposal to borrow and pay any part of the required fees for pursuing a civil action in federal court. This case has proceeded beyond that point.

As for the request to amend, the Magistrate Judge preemptively stated that it would be futile to allow Plaintiff an opportunity to expand upon the allegations of his complaint. Plaintiff has not shown that statement to be clearly erroneous or contrary to law. Instead, he relies on his own subjective belief that an amendment will survive § 1915 scrutiny. Such a subjective belief is in-

sufficient to obtain leave to amend a pleading.

Plaintiff's objections also reveal reliance on AI research. While use of this developing tool for legal research is not of itself necessarily problematic, the Fifth Circuit requires litigant-users of AI, even pro se litigants, to "verify the accuracy of AI-generated information." *Garces v. Hernandez*, No. 25-50342, 2025 WL 2401001, at *2 (5th Cir. Aug. 19, 2025) (per curiam), *pet. cert. filed*, 2025 WL 2401001, No. 25-5558 (Sept. 4, 2025). A recent Standing Order from our sister court in the Northern District of Texas provides a thorough overview regarding the litigant-use of AI that transcends the local rules of that court. *See Willis v. U.S. Bank Nat'l Ass'n as Tr., Igloo Series Tr.*, 783 F. Supp. 3d 959 (N.D. Tex. 2025).

From his AI research, Plaintiff relies on a dissenting opinion that itself cites to another dissenting opinion. While dissenting opinions may prove useful in legal research, they do not provide binding, definitive statements of law that of themselves justify an amendment. The AI research also suggests a possible claim under 42 U.S.C. § 1983 even though that statute has no applicability to the federal actors sued in this case. In potential recognition of that fact, Plaintiff also generically mentions "*Bivens*," which refers to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a case that has been described as "'in essence' the federal counterpart to § 1983, which applies to state officials acting under color of state law," *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 111 (5th Cir. 1993). His AI research also recognizes that pretrial services officers may be entitled to immunity for their actions, but Plaintiff makes no effort to address why immunity would not render asserting a *Bivens* claim futile.

Furthermore, Plaintiff's proposed *Bivens* claim relates to alleged unlawful conditions of release and Plaintiff has made no showing that *Bivens* applies to such an alleged constitutional violation. Even when a plaintiff has named individuals who may be proper *Bivens* defendants, as here, the plaintiff must identify a constitutional violation that could plausibly entitle him to relief

4

against the named defendants. *See Robbins v. U.S. Prob. Off. for Dist. of Minniapolis*, No. 20-CV-1918-LRR, 2021 WL 1255402, at *4 (D. Minn. Mar. 18, 2021) (recognizing that the plaintiff intended to sue probation office for the District of Minnesota), *aff'd sub nom. Robbins v. U.S. Prob. Off., Dist. of Minn.*, No. 21-1740, 2021 WL 4472670 (8th Cir. July 2, 2021).

Plaintiff concedes that his APA claim was ill-advised and subject to dismissal. Caselaw supports that concession. *See id*. He has also filed a subsequent habeas petition under 28 U.S.C. § 2241 in recognition that some claims for relief fall within habeas litigation rather than a typical civil action. Despite his conclusory assertions within his objections, Plaintiff has not presented factual allegations to state a plausible claim against the named defendants for abuse of process or any constitutional violation. And to the extent he might seek to pursue a claim of negligence against the named defendants, such a claim would necessarily fail. *See Valenta v. BI Inc.*, No. CV 20-912, 2021 WL 3081902, at *5 (W.D. Pa. Apr. 1, 2021) (recommendation of Mag. J.) *adopted by* 2021 WL 3080147 (W.D. Pa. July 21, 2021).

Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). While courts should provide an opportunity to amend before dismissing an action, leave to amend is not required when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). In this case, Plaintiff has provided no reason for the Court to believe that he has not pled his best case. He provides no factual allegations within his objections to state a plausible claim that warrants leave to amend.

Finding no error upon a de novo review of those portions of the recommendation to which objection was made and reviewing the remaining portions for clear error, the Court **AC-CEPTS** the Report and Recommendation of United States Magistrate Judge (ECF No. 8), filed on August 27, 2025. It **DISMISSES** this action with prejudice under 28 U.S.C. § 1915(e) as rec-

ommended and will finalize such dismissal with a separate judgment dismissing this case. Further, for the reasons stated herein, the Court denies Plaintiff's request to file an amended complaint.

    **It is so ORDERED this 1st day of October 2025.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**